## SUPREME COURT.

### HENRY J. HUMISTON, agt. WILLIAM BALLARD.

Where a judgment in a justices court, is appealed to the county court, and a new trial had in the county court, when a verdict is rendered and exceptions taken; the county court has no power to order the exceptions to be heard in the first instance at a *general term of the supreme court.* The judgment must be entered and an appeal taken to the supreme court. ·

The Code, (§ 371,) allowing *costs to the appellant* on appeal from a justices judgment, "provided however that the appellant shall not recover costs unless the judgment appealed from be reversed on such appeal, or be made more favorable to him, to the amount of at least *ten dollars,*" does not authorize the allowance of *interest* on the former verdict, in estimating the difference between that and the latter verdict, in settling the costs.

That is, if the plaintiff recovers $80, in the justices court, and in the county court recovers $75, the plaintiff is entitled to costs, although, if the interest was added to the recovery of $80, it would make the amount of the last recovery more than $10, less favorable to the plaintiff. (*The case of Baldwin* agt. *Brown,* 37 *How.,* 385, *not concurred in on this point*).

Where the defendants exceptions have been ordered, without authority, by the county court, to be heard in the first instance at the general term of the supreme court, the plaintiff is, nevertheless, entitled to his costs in the general term, except a term fee of $7, where he succeeds on the final result.

*Cortland Special Term, March,* 1870.

THIS was an action on contract. It was brought, and first tried in justices court. The recovery there, was for $80 damages, and $5.75 costs. The defendant appealed to the county court, and it was tried therein, and verdict for plaintiff, and exceptions were taken. The county court ordered the exceptions to be heard in the first instance at the general term of the supreme court. Case and exceptions were made and printed, and the case placed on the calendar of the general term, and submitted on points and briefs; but the point was made by the plaintiff's counsel, that the proceedings in the county court, could not be reviewed in that way—that judgment must be entered, and an appeal taken.

The supreme court, on consideration so held. A judgment was then entered, and an appeal taken, and heard, and judgment reversed, and new trial granted. It was then noticed, and placed on the calendar of the county court, for trial, but the county judge, having been counsel, certified the same to the supreme court. It was then noticed and tried in the supreme court, and plaintiff had a recovery of $75. On this verdict, the clerk taxed costs, in favor of the plaintiff. The defendant appeals from said taxation, claiming that the last recovery was more than $10, less favorable to the plaintiff, than the former recovery; claiming that the interest, being a matter of legal right, on the cause of action, should be computed on the former verdict, in determining how much less favorable to the plaintiff, the latter recovery was. The question on this point is, whether such interest should be considered.

A. P. SMITH, *of counsel for defendant.*
H. BALLARD, *of counsel for plaintiff.*

MURRAY, J.—The language of section 371 of the Code, as to this question is, "if such offer be not made, and the *judgment*, in the appellate court, be more favorable to the appellant, than the *judgment* in the court below, or if such offer be made, and not accepted, and the judgment in the appellate court, be more favorable to the appellant, than the offer of the respondent, the appellant shall recover costs; provided however, that the appellant, shall not recover costs, unless the judgment appealed from, be reversed on such appeal, or be made more favorable to him, to the amount of at least ten dollars." In this case the judgment, in the appellate court, was more favorable to defendant, who was the appellant, than the judgment before the justice, if the interest is not considered; but only five dollars more favorable. The plaintiff therefore, would be entitled to costs, under said section of the Code, unless the interest

upon the former judgment can be considered.   The language of the Code precludes the consideration of the interest upon the former verdict, or upon the cause of action in the last verdict for such purpose.   It specifies, that if the *judgment* of the appellate court, be more favorable to the appellant, than the *judgment* of the court below, &c.   *That* compels a comparison of the two *judgments.*   It does not involve the consideration of any other matters.   It fixes the rule by which the question is determined—makes certain, what otherwise would be doubtful and speculative.   It says the appellant shall not recover costs, unless the *judgment* be made more favorable to him to the amount of $10.   That unmistakeably indicates that the *judgment* must be reduced $10, before the appellant can recover costs.   If any other rule had been intended, it would have been so specified.   The clerk was right in allowing costs to plaintiff.   (*Smith* agt. *May & Spencer*, 32 *How.*, 222).   I cannot concur in the reasoning of the general term of the eighth district, as reported in 37 *How.*, 385.   It does not seem possible, that the legislature intended to throw open the door to the uncertainty and speculation, as indicated by the learned opinion delivered in that case.

The clerk in taxing the costs, allowed the plaintiff $70, for the costs in the general term, when the case was there, on a case and exceptions made, and ordered by the county court, to be heard there in the first instance at the general term.   Such allowance was objected to, on the part of the defendant.   It is insisted on the part of the defendant, that those costs of the general term are not allowed by the Code; that the proceeding there was unauthorized, and therefore neither party was entitled to costs of the other; the general term not having ordered costs to be paid.

Those costs were properly allowed.   The defendant applied to the county court, for an order allowing the exceptions to be heard, in the first instance, at the general term, in pursuance of § 265 of the Code.   The county court sup-

posing it had the power to so direct, made the order as requested. The usual proceedings were had in such cases. In those proceedings, the plaintiff's counsel performed the services. and paid out the disbursements, which make up the said item of $70. The general term held the county court had no power to make such order; that the case was not there in such a way, as authorized it to decide the case upon the merits. Subdivision 5 of § 307 of the Code pro-.vides, that in cases made, and in cases where exceptions are ordered to be heard in the first instance at the general term, under the provisions of § 265 of the Code, the same costs shall be allowed as on appeals. On an appeal to. the general term, such item would be a proper charge. The defendants counsel, doubtless in good faith, applied for said order of the county court, under said § 265. The county court made the order in good faith, under said section. It cannot be said that this *was not a case,* where exceptions were ordered, to be heard in the first instance at the general term, under said section. That the court had not the power to make such order, does not deprive the opposite party of his costs incurred in proceedings under said order.

The clerk was, therefore, right in allowing said item. The $7 term fee is not allowable. The appeal was not necessarily on the calendar; therefore not allowable, under § 371 of the Code.

The costs, therefore, will be readjusted by the clerk of Cortland county, and that $7 item stricken out; and as to all the other items, it is affirmed, without costs to either party.

The clerk will enter an order in accordance with these views.